Glenn R. Kantor - State Bar No.122643
  Email: gkantor@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, California 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
HETTIHEWAGE DHARMASENA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| HETTIHEWAGE DHARMASENA,<br><br>Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PRE-JUDGMENT AND POST-JUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

Plaintiff, Hettihewage Dharmasena herein sets forth the allegations of his Complaint against Defendant Metropolitan Life Insurance Company("METLIFE") as follows:

**PRELIMINARY ALLEGATIONS**

1.      "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of the employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee

1  benefit plan. Plaintiff seeks relief, including but not limited to payment of benefits, pre-judgment
2  and post-judgment interest, and attorneys' fees and costs.

3      2.    Plaintiff was, at all relevant times, an employee of Schneider Electric ("Schneider
4  Electric") and a resident of San Bernardino County, California.

5      3.    Plaintiff is informed and believes that Defendant METLIFE is a corporation with its
6  principal place of business in the State of New York, authorized to transact and transacting business
7  in the Central District of California and can be found in the Central District of California. METLIFE
8  is the insurer of Short & Long Term Disability benefits pursuant to Group Insurance Policies issued
9  by MetLife to Schneider Electric ("the Policies"). Schneider Electric has its main offices in San
10 Bernardino County, California and was a subscriber to the Policies, for the benefit of its employees.
11 As such, the Policies were issued and administered within this Judicial District. METLIFE is doing
12 business in the Eastern Division of the Central District of California, in that it covers insureds
13 working and residing in the Eastern Division of the Central District. Plaintiff is further informed and
14 believes that the Plan Administrator has appointed METLIFE as a fiduciary for deciding claims for
15 benefits under the plan, and for deciding any appeals of denied claims. METLIFE administered the
16 claim, interpreted Policies terms, and issued a claim denial, all while operating under a conflict of
17 interest, and the bias this created adversely affected the claims determination.

18     4.    As a benefit of his employment, Plaintiff was provided group short and long-term
19 disability ("LTD") insurance pursuant to the group policies issued by MetLife to Schneider
20 Electric. The Policies is a part of an employee welfare benefit plan regulated by ERISA, in which
21 Plaintiff was a participant, and pursuant to which Plaintiff is entitled to STD and LTD insurance
22 benefits. Pursuant to the terms and conditions of the Policies, Plaintiff is entitled to STD and LTD
23 benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains disabled as
24 required under the terms of the LTD Policies.

25     5.    Plaintiff is informed and believes that the subject Policies was delivered to
26 Schneider Electric in the County of San Bernardino, State of California.

27     6.    Plaintiff is informed and believes that the subject Policies were issued or renewed
28 on or after January 1, 2012.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

7.      Plaintiff is informed and believes that the subject Policies has as annual January 1 anniversary dates.

8.      Defendant METLIFE can be found in this judicial district and the Policies is administered in this judicial district. The STD and LTD claims at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

### FIRST CLAIM FOR RELIEF
### AGAINST DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY
### FOR ERISA BENEFITS, ENFORCEMENT AND CLARIFICATION OF
### RIGHTS, PRE-JUDGEMENT AND POST-JUDGEMENT INTEREST,
### AND ATTORNEYS' FEES AND COSTS
### (29 U.S.C. § 1132(a)(1)(B))

9.      Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

10.     At all times relevant, Plaintiff was employed by Schneider Electric, and was a covered participant under the terms and conditions of the Policies. The Policies was insured by METLIFE, and METLIFE was also the claims administrator and made all decisions to pay or deny benefit claims.

11.     During Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the Policies. Specifically, while Plaintiff was covered under the Polices, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the Policies.

12.     Pursuant to the terms of the Policies, Plaintiff made a claim to METLIFE for STD & LTD benefits under the Policies. Plaintiff claimed an entitlement for STD & LTD Benefits as a result of his being totally disabled as defined by the policies effective his last day of work for Schneider Electric effective February 4, 2022. Plaintiff is informed and believes that METLIFE identifies his STD and LTD claim as claim number 322202096264. Plaintiff is disabled from

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

multiple medical conditions which prevented him from performing the usual and material duties of his occupation as of February 4, 2022.

13. METLIFE subsequently denied Plaintiff's STD & LTD claims, which denials were timely appealed by the Plaintiff, however such appeals were also finally denied by MetLife effective June 29, 2023.

14. Defendant METLIFE breached the Policies and violated ERISA in the following respects:

(a) Failing to pay STD and LTD benefits to Plaintiff at a time when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Policies, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though Defendant had such knowledge, Defendant denied Plaintiff's STD & LTD benefits.

(b) Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Policies, in relation to the applicable facts and Policies provisions, for the denial of Plaintiff's claims for STD & LTD benefits.

(c) Failing to adequately describe to Plaintiff any material or information necessary for Plaintiff to perfect his claim along with an explanation of why such material is or was necessary.

(d) Concealing and withholding from Plaintiff the notice requirements Defendant was required to provide Plaintiff pursuant to ERISA and the regulations promulgated thereunder, 29 C.F.R. § 2560.503-1(f)-(g), inclusive; and

(e) Failing to properly and adequately investigate the merits of Plaintiff's claim and failing to provide a full and fair review of Plaintiff's claim.

15. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied his disability benefits under the Policies by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

16. Following the denial of benefits under the STD and LTD Plans, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Policies.

17. As a direct and proximate result of the wrongful conduct of Defendant, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

18. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

19. The wrongful conduct of Defendant has created uncertainty where none should exist. Therefore, Plaintiff is entitled to enforce his rights under the terms of the Policies and to clarify his right to future benefits under the terms of the Policies.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the Plan for so long as Plaintiff remains disabled under the terms of the Plan;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: August 1, 2023					KANTOR & KANTOR, LLP

					By:	*/s/ Glenn R. Kantor*
						Glenn R. Kantor
						Attorneys for Plaintiff
						Hettihewage Dharmasena